# Ferguson v. Redstone Acoustical & Flooring, Inc.

*Felix J. DeGuilio,* for plaintiff.
*Harry S. Cohen,* for defendant.

WETTICK, *J.,* September 17, 1981—In this personal injury action, plaintiff, by agreement of the parties, submitted to a physical examination by a physician selected by defendant. On December 2, 1980, the date of the examination, the examining physician prepared a written report of his examination. Pursuant to plaintiff's request, defendant delivered to plaintiff a copy of this report. In this report, the physician stated that it would be helpful to review plaintiff's cervical spine x-rays and electromyographic tests (which were in the possession of another physician) and that at the conclusion of this review, he would give "my final opinion regarding this case." Subsequently, in reports dated

January 30, 1981 and March 13, 1981, defendant's physician rendered additional conclusions following his review of the x-rays and the electromyography tests. Presently before this court is a motion to compel defendant to produce these reports.

Defendant contends that these reports are protected from discovery by Pa.R.C.P. 4003.5(a)(3) which reads, in relevant part, as follows: "A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a *medical expert as provided in Rule 4010(b). . . .*" (Emphasis supplied).

Plaintiff, on the other hand, relies on Pa.R.C.P. 4010(b)(1) which reads, in relevant part, as follows: "If requested by the party against whom an order is made under this rule or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition."[1]

The reports in question involve discovery of the facts known or opinions held by an expert who has been specially retained by a party in anticipation of litigation and who (according to defendant) is not expected to be called at trial. However, Rule 4003.5(a)(3), which protects such facts and opinions from discovery, is explicitly subordinated to

---

1. Pa.R.C.P. 4010(b)(3) provides that subsection (b) also applies to an examination made by agreement of the parties unless the agreement expressly provides to the contrary.

the discovery provisions of Rule 4010(b). Thus, plaintiff's right to discover these reports depends entirely on whether they are discoverable under Rule 4010(b)(1).

The initial report which defendant forwarded plaintiff contained a detailed and comprehensive statement of the examining physician's findings based upon his examination of plaintiff. Thus, defendant contends that he fully complied with the requirements of Rule 4101(b) by providing plaintiff with a copy of this report because this rule imposes no obligation to furnish any additional reports of the examining physician so long as they contain no new findings derived from the examination. This is so, according to defendant, because the examining physician—when rendering findings based solely on the information contained in the report of the examination which has been furnished to the other parties and other medical records available to the other parties—is acting in the same fashion as an expert who bases his or her findings on the available medical records, and, consequently, the reports containing such findings are entitled to those protections from discovery provided by Rule 4003.5(a)(3).

We reject this contention. The reason for subordinating Rule 4003.5 to Rule 4010(b) is to deny to the examining physician the protections against discovery afforded a specially retained expert who will not be used at trial. And Rule 4010's requirement that the examining physician reveal his or her diagnoses and conclusions along with any factual observations made from the examination means that all reports of the examing physician prepared after the examinaton are subject to discovery. The argument that only reports made pursuant to the examination must be produced is without merit

because any diagnoses and conclusions of the examining physician made subsequent to the examination will be influenced by the information obtained from the examination.

If we accept defendant's construction of Rule 4010(b), we would likely reduce this rule's production requirements to the examining physician's preliminary findings based strictly on the physical examination. Were we to interpret Rule 4010 in this fashion, we anticipate that parties obtaining medical examinations would respond by withholding from the examining physician other medical information necessary to make an accurate assessment of the party's medical condition until completion of a report based strictly on the medical examination. Thus, such reports in many cases would consist of the observations of the physician based upon the physical examination with some tentative conclusions. This is contrary to the stated objective of Rule 4010(b) of requiring the examining physician's "diagnoses and conclusions."

Before reaching this decision, we have considered Guiliani v. Ardiff, 105 Montg. 63 (1978). In this case the court held that Rule 4010(b) did not require defendant to furnish to plaintiff a supplemental report prepared by defendant's examining physician:

"It is clear that resolution of the issue lies in the proper characterization of the report. The supplemental report *was not made* as a result of any examination of the plaintiff. It was based on plaintiff's medical history, given him after the original examination in aid of trial, which history was obviously within plainitff's knowledge. The second report was made solely to marshall all of the medical

evidence in preparation for trial. As such, it was not within the ambit of the discovery process. If the second report is part of the first report, concerning the examination of plaintiff, the plaintiff is entitled to a copy of it under rule No. 4010(b); however, if the second report does not relate directly to the examination of plaintiff, then it is protected from discovery under rule No. 4011(d) as a memorandum made in preparation for trial." (Emphasis supplied.)

Assuming that this decision supports defendant's position, we reject the court's rationale because, for the reasons previously stated, we believe that it does not matter whether the supplemental report was made as a result of the examination.[2] Since any diagnoses and conclusions of the examining physician made subsequent to the examination will necessarily be influenced by the information obtained from the examination, Rule 4010(b) requires their production.

For these reasons, this court enters the following

## ORDER

And now, September 17, 1981, it is hereby ordered that defendant shall deliver to plaintiff a copy of the written reports of March 13, 1981 and January 30, 1981 prepared by Dr. Hirsh Wachs.

---

2. We question whether this decision supports defendant's claim because in the present case it appears that the supplemental report was made as a result of the examination of plaintiff.